IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

SECURITIES AND EXCHANGE COMMISSION,

                No.
        Plaintiff,

v.

HALPERN & ASSOCIATES, LLC and BARBARA
HALPERN, CPA,

           Defendants. August 11, 2016

## COMPLAINT TO REQUIRE DEFENDANTS
## HALPERN & ASSOCIATES LLC AND BARBARA HALPERN, CPA
## TO COMPLY WITH ORDER OF SECURITIES AND EXCHANGE COMMISSION

The Plaintiff Securities and Exchange Commission (the "Commission") respectfully applies to this Court for the entry of a Judgment enforcing compliance by the Defendants Halpern & Associates, LLC ("H&A") and Barbera Halpern, CPA ("Halpern") with the final Commission order entered against them on February 26, 2016 (the "Commission Order") which, in part, required H&A and Halpern, jointly and severally, to pay disgorgement of $13,000 and prejudgment interest, and states as follows:

### INTRODUCTION

1. The Commission seeks by this action to enforce the Commission Order, which found that H&A and Halpern engaged in improper professional conduct and caused Lighthouse Financial Group, LLC ("Lighthouse"), a now-defunct broker-dealer, to violate Section 17 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78q, and Rule 17a-5(d) thereunder, 17 C.F.R. § 240.17a-5(d).

2. H&A and Halpern have not complied with the Commission Order in that they have not paid the disgorgement and prejudgment interest due thereunder.

3. The Commission brings this action pursuant to Section 21(e)(1) of the Exchange Act, 15 U.S.C. § 78u(e)(1), to compel H&A and Halpern to comply with the Commission Order.

## PARTIES

4. The Commission is an agency of the United States Government. The Commission's principal office is located at 100 F Street, N.E., Washington, DC 20549. The Commission's New York Regional Office is located at 200 Vesey Street (Brookfield Place), Room 400, New York, New York 10281-1022.

5. H&A is a limited liability company organized and existing under the laws of the State of Connecticut with its principal office located in Wilton, Connecticut.

6. Halpern is certified public accountant licensed by the States of Connecticut and New York, and a resident of Weston, Connecticut.

## JURISDICTION AND VENUE

7. This Court has jurisdiction under Sections 21(e)(1) and 27(a) of the Exchange Act, 15 U.S.C. § 78u(e)(1) and 78aa(a).

8. Venue lies in the District of Connecticut under Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a), in that H&A and Halpern are "found" or are inhabitants or, or are residents of and transact business within, the District of Connecticut.

## STATEMENT OF RELEVANT FACTS

9. On February 23, 2015 the Commission, deeming it appropriate and in the public interest, instituted public administrative and cease-and-desist proceedings pursuant to Sections 4C and 21C of the Exchange Act, 15 U.S.C. §§ 78d-3 and 78u-3, and Rule 102(e) of the Commission's Rules of Practice, 17 C.F.R. 201.102(e). *Halpern & Associates LLC*, Securities Exchange Act Rel. No. 74350, Admin. Proc. File No. 3-16399, 2015 WL 737722 (Feb. 23, 2015). A copy of the Order Instituting Proceedings is attached as Exhibit 1.

10. On January 5, 2016 Administrative Law Judge Cameron Elliot rendered an Initial Decision after a lengthy evidentiary hearing. *Halpern & Associates LLC*, Initial Decision Rel. No. 939 (Jan. 5, 2016), 2016 WL 64862 (the "Initial Decision"). A copy of the Initial Decision is attached as Exhibit 2.

11. In summary, the Initial Decision found that H&A and Halpern audited the 2009 financial statements of Lighthouse, and because of their "multiple auditing failures, Lighthouse's 2009 financial statements overstated Lighthouse's net capital by approximately $4.9 million." Initial Decision at 1.

12. The 2009 audited financial statements overstated Lighthouse's assets by approximately $2.3 million and understated its liabilities by omitting the approximately $2.3 million owed to Penson Financial Services, Inc., Lighthouse's clearing broker. Initial Decision at 17. Combined with an erroneous "haircut" calculation, there was a overstatement of Lighthouse's net capital by $4.9 million. *Id.* H&A (and Halpern as engagement partner) nonetheless issued unqualified opinions regarding both Lighthouse's financial position and its internal controls. *Id*

13. During an examination of Lighthouse in 2010 the Commission staff discovered that in fact Lighthouse was substantially out of net capital; Lighthouse then stopped doing business and filed for bankruptcy in December 2010. Initial Decision at 17.

14. Administrative Law Judge Elliot concluded that H&A and Halpern had caused Lighthouse to violate the reporting requirements of Section 17(a)(1) of the Exchange Act, 15 U.S.C. § 78q(a)(1), and Rule 17a-5(d) thereunder, 17 C.F.R. § 240.17a-5(d). Initial Decision at 20. He further found that H&A and Halpern had engaged in improper professional conduct under Rule 102(e)(1) of the Commission's Rules of Practice, 17 C.F.R. § 201.102(e)(1). Initial Decision at 21.

15. The Initial Decision:

    a.    Ordered that H&A and Halpern ceases and desist from causing any violations or future violations of Section 17(a)(1) of the Exchange Act, 15 U.S.C. § 78q(a)(1), and Rule 17a-5(d) thereunder, 17 C.F.R. § 240.17a-5(d);

    b.    Ordered pursuant to Section 21C(e) of the Exchange Act, 15 U.S.C. § 78u-3(e), that H&A and Halpern disgorge $13,000, plus prejudgment interest on that amount from March 1, 2010 to the last day of the month preceding the month in which payment of disgorgement is made;

    c.    Ordered pursuant to Rule 102(e)(1)(ii) of the Commission's Rules of Practice, 17 C.F.R. § 201.102(e)(1)(ii), that Halpern be denied the privilege of appearing or practicing before the Commission as an accountant for one year; and

    d.    Ordered pursuant to Rule 102(e)(1)(ii) of the Commission's Rules of Practice, 17 C.F.R. § 201.102(e)(1)(ii), that H&A be censured.

16. Payment of disgorgement and prejudgment interest was due 21 days after the Initial Decision became final.

17. H&A and Halpern did not seek review of the Initial Decision and the Commission chose not to review the Initial Decision on its own initiative. On February 26, 2016, the Commission, pursuant to delegated authority, issued a Finality Order (the Commission Order). *Halpern & Associates LLC*, Securities Exchange Act Rel. No. 77248, Admin. Proc. File No. 3-16399, 2016 WL 757795 (Feb. 26, 2016). A copy of the Finality Order (the Commission Order) is attached as Exhibit 3.

18. H&A and Halpern have not made any payment on the disgorgement and prejudgment interest as required by the Commission Order.

19. As of August 11, 2016, the amount due from H&A and Halpern is as follows:

| Disgorgement | $13,000.00 |
| Prejudgment interest from March 1, 2010 to August 11, 2016 | $3,031.05 |
| TOTAL | $16,031.05 |

## CLAIMS FOR RELIEF

20. Section 21(e)(1) of the Exchange Act, 15 U.S.C. § 78u(e)(1) provides, in part:

Upon application of the Commission the district courts of the United States ... shall have jurisdiction to issue writs of mandamus, injunctions, and orders commanding (1) any person to comply with the provisions of this title, the rules, regulations, and orders thereunder ....

21. This provision authorizes the use of summary proceedings, rather than plenary civil actions, to enforce Commission orders in the district courts.

22. Proceedings under this provision are summary in nature. *SEC v. Vindman*, 2007 WL 1074941 at *1 (S.D.N.Y. April 5, 2007); *SEC v. McCarthy*, 322 F.3d 650, 659 (9th Cir. 2003). In *McCarthy* the Ninth Circuit held that "summary proceedings may be 'conducted without formal pleadings, on short notice, without summons and complaints, generally on affidavits, and sometimes even *ex parte*."

23. H&A and Halpern may not challenge the validity of the Commission Order sought to be enforced in this proceeding. *SEC v. Gerasimowicz*, 9 F. Supp.3d 378, 381 (S.D.N.Y. 2014); *SEC v. Pinchas*, 421 F. Supp.2d 781, 783 (S.D.N.Y. 2006). "By the time a § 21(e)(1) application is filed by the Commission, the time and opportunity for adjudicating the merits of the claim have been exhausted; all that is left to do is enforce the order." *McCarthy* at 658.

WHEREFORE the Commission respectfully requests:

### I.

That the Court enter a Judgment enforcing the Commission Order by requiring H&A and Halpern, jointly and severally, to pay disgorgement of $13,000 and prejudgment interest pursuant to

Rule 600 of the Commission's Rules of Practice, 17 C.F.R. § 201.600, and postjudgment interest pursuant to 28 U.S.C. § 1961.

## II.

That the Court order such other relief as may be necessary for enforcement of any order of this Court as to disgorgement and prejudgment interest through civil contempt and/or other collection procedures authorized by law.

## III.

That the Court retain jurisdiction as appropriate to assure and effect compliance with the orders entered herein.

## IV.

That the Court order such other and further relief as may be just and proper.

Dated:      New York, New York
            August 11, 2016

_____
ANDREW M. CALAMARI,
Regional Director

JOHN J. GRAUBARD (CT-05930),
Senior Trial Counsel

Attorneys for Plaintiff,
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
200 Vesey Street, Room 400
New York, NY 10281-1022
Tel.:       212-336-0084 (Graubard)
Fax:        212-336-1323
E-mail:     graubardj@sec.gov